**In re JOSEPH.**

**No. 80-474-Appeal.**

Supreme Court of Rhode Island.

May 1, 1981.

Donald M. Gregory II, North Kingstown, for appellants.

Longolucco & Lenihan, William J. Gallogly, Westerly, for Jana Vetter.

Kenneth Scott Goldworm, Cranston, guardian ad litem.

### ORDER

This is an appeal by the prospective parents from a decree allowing the natural mother to revoke her consent to adoption of her child, Joseph, and ordering that the child be returned to her.

On May 23, 1979, at the age of fourteen years, the natural mother Jana signed documents relinquishing her rights to her unborn child. Jana's maternal aunt and appointed guardian also executed documents consenting to the adoption of the unborn child to Kirk and Ginger Morang of Rhode Island.

These events took place in Bermuda. After the child was born, he was placed with the Morangs who brought the child to Rhode Island. On June 26, 1979, the prospective parents notified The Department of Children and Their Families (DCF) that they had brought the child to Rhode Island for the purpose of adopting the child pursuant to the provisions of G.L. 1956 (1969 Reenactment) § 15-7-3, as amended by P.L. 1970, ch. 132, § 1.

On April 1, 1980, DCF received a report of potential child abuse, and, being concerned by these reports, filed a petition in the Family Court requesting that the child be declared dependent, abused or neglected, and that DCF be awarded temporary custody of the child. At the same time that the dependency petition was to be heard, the natural mother filed a petition to revoke the consent and requested that the child be returned to her.

After a hearing on the natural mother's petition, the trial justice granted the petition, entered an order revoking the consent to adoption, and ordered that the child be returned to the mother. The DCF's petition was not heard at this time. The prospective adoptive parents appealed from the order revoking consent and returning the child to the natural mother.

On appeal to this court, without considering the merits of the appeal, we remanded the case to the Family Court for a hearing "to consider the petition by the (DCF) seeking a declaration that the child is a dependent, neglected and abused child." R.I., 419 A.2d 849 (1980). After a hearing thereon, the trial justice found that the child was dependent, awarded custody to DCF and continued the case for further hearing.

On April 21, 1981, the said case was presented before this court to consider the appeal from the decree revoking consent and granting custody to the natural mother. At oral argument this court was informed by the attorney representing the natural mother who resides in Bermuda that on Thursday, April 14, 1981, he had spoken with her and she told him that she was neither interested in the child nor did she want custody of the child. Additionally, we were informed that she was now sixteen years of age and was pregnant again. After considering the arguments and briefs presented by the parties, including the guardian ad litem who was appointed by the trial justice of the Family Court, we hereby order that the decree awarding custody to the natural mother be vacated and that this case be remanded to the Family Court for a hearing to determine the best interests of the child in light of the natural mother's rejection of the child and also the mother's condition and circumstances which were revealed to this court.